## In re Anonymous No. 53 D.B. 81

Disciplinary Board Docket no. 53 D.B. 81.

McDONNELL, *Member,* February 2, 1982 — Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

Office of Disciplinary Counsel filed a petition for discipline against respondent, [ ], on September 15, 1981, following an order of this honorable court dated September 9, 1982, suspending [respondent] from the practice of the law after respondent was convicted of failure to file his income tax returns. The said petition for discipline charged respondent with violating the following Disciplinary Rules of the Code of Professional Responsibility:

(a) D.R. 1-102(A)(3) — dealing with illegal conduct involving moral turpitude;
(b) D.R. 1-102(A)(4) — dealing with conduct in-

volving dishonesty, fraud, deceit, or misrepresentation;

(c) D.R. 1-102(A)(5) — dealing with conduct that is prejudicial to the administration of justice; and;

(d) D.R. 1-102(A)(6) — dealing with conduct adversely reflecting upon a lawyer's fitness to practice law.

On September 22, 1981, an answer to the petition was filed by counsel for respondent. Thereafter, a hearing was held on October 26, 1981. The hearing committee filed its report on November 16, 1981, finding that respondent had not violated D.R. 1-102(A)(3) or D.R. 1-102(A)(4). He had, in fact, violated D.R. 1-102(A)(5) and D.R. 1-102(A)(6). The hearing committee recommended a public censure. On November 30, 1981, Disciplinary Counsel filed a letter of exceptions. The matter was adjudicated by the Disciplinary Board on December 9, 1981.

## II. FINDINGS OF FACT

The Disciplinary Board adopts the following findings of fact:

1. Respondent, [ ], has been an attorney at law in the Commonwealth of Pennsylvania, maintaining a law office at [ ] [ ], up until the entry of an order of suspension dated September 9, 1981 by the Supreme Court of Pennsylvania.

2. A criminal information was filed against respondent in the United States District Court for the Eastern District of Pennsylvania, which contained three counts, each one charging respondent with the criminal offense of failure to file personal income tax returns for the years 1976, 1977 and 1978. On June 18, 1981, respondent entered a plea of guilty to all three counts of the aforesaid informa-

tion before United States Magistrate [ ]. On July 16, 1981, respondent was sentenced thereon to three concurrent prison terms of three months and a fine of $5,000 on count no. 3, with a direction that the prison sentence commence on August 17, 1981. On September 17, 1981, the said United States Magistrate entered an order reducing the prison sentence to 60 days, and on September 25, 1981, the order was further amended to direct that the prison sentence would be completed on October 8, 1981, thus giving respondent credit for "good time."

3. Prior to the institution of the criminal prosecution in the United States District Court, respondent had sought the counsel and advice of his counsel, and pursuant to the counsel and advice given to him, he prepared and filed his income tax returns for the three years specified and paid all of the taxes due thereon.

4. Respondent has completed serving the prison sentence, same being served on a work release basis with the Volunteers of America. Respondent has also paid the $5,000 fine in full.

5. Respondent is 50 years of age, having been admitted to the bar in 1956, and up to the date of the aforesaid order of suspension by the Supreme Court of Pennsylvania, he practiced law in [ ], Pennsylvania, and for the last 20 years was a partner in a law firm. Respondent has three adult children by his first marriage and one child, age three, by his second marriage, which he entered into with his present wife in 1977, after a final divorce decree was entered dissolving his first marriage.

6. Respondent has been an active member of the [ ] Bar Association over the years of his practice, serving as an officer thereof and on numerous committees. No complaints throughout his tenure

as a practicing attorney and a member of the [   ] Bar Association have been filed against him with the said Bar Association.

7. Based upon the unrebutted testimony of all the witnesses called on behalf of respondent, his reputation for honesty, integrity, being a law abiding citizen, and attorney of professional good standing has been excellent.

8. Respondent has been a competent, respected and ethical practitioner of the law, his practice having included service as a Borough Solicitor and counsel for a School Board.

9. His failure to file his tax returns occurred in the interval when he was embroiled in an extended marital dispute and divorce proceeding with its attendant financial and emotional pressures.

10. By reason of the criminal proceedings, these disciplinary proceedings, with the attendant financial demands flowing therefrom, as well as the financial expenditures incurred in the payment of the taxes, interest and penalties from the three years in question and by reason of the order of suspension from the practice of law, respondent's personal financial resources are virtually depleted.

11. Respondent promptly complied in all respects with the order of suspension entered by the Supreme Court of Pennsylvania, especially with respect to the requirements of Pennsylvania Rule of Disciplinary Enforcement no. 217.

12. Respondent has never had any other disciplinary charges lodged against him.

13. The 17 witnesses appearing in behalf of respondent included the Executive Director of the [   ] [   ] Bar Association, three school officials, one municipal official, a Federal district judge, five business and professional persons from the community, two clients of respondent, and four mem-

bers of the Bar, one of whom was formerly a Judge of the Court of Common Pleas of [ ] [ ], and another who is currently the President of the [ ] Bar Association.

## III. DISCUSSION

There is no dispute in this matter concerning respondent's conduct that brings him before this board. He pled guilty in Federal court for failure to file his income tax returns for the years 1976, 1977 and 1978. He served a two month sentence, less time for good behavior and paid a fine of $5,000. He was suspended from the practice of law by this court on September 9, 1981. In its exceptions, Disciplinary Counsel asks that the board find respondent to have violated D.R.1-102(A)(3) and (4) as well as D.R. 1-102(A)(5) and (6). Also, the Disciplinary Counsel asks that instead of public censure as the discipline, that respondent be suspended from the practice of law until this court issues its final order.

The board, after reviewing all of the evidence, agrees with the hearing committee that respondent has violated D.R. 1-102(A)(5) and (6) and has not violated D.R. 1-102(A)(3) and (4). The board has reached this conclusion after considering the fact that respondent has practiced law in Pennsylvania for over 20 years, enjoying an excellent reputation during all of that time. This was well attested to by the 17 witnesses who came from the legal and civic community. Also taken into consideration was the fact that respondent readily admitted to his wrongdoing and served his sentence without any appeals. Also, the fact that respondent has never before been charged with violating any Disciplinary Rules. He enjoys an excellent reputation both in the

legal community and in the general community where he resides.

As to the discipline to be imposed, the board concludes that the more just recommendation would be a three month suspension beginning with the suspension by this court on September 9, 1981. By so doing, the board is mindful of Disciplinary Board Rules and Procedures concerning reinstatement. Specifically, Section 89.273(b) citing Enforcement Rule 218(f) which states "(1) upon the expiration of any term of suspension not exceeding three months" the attorney can file a verified statement showing that he has complied with all terms and conditions of the order of suspension and can be reinstated immediately to active status. The board so recommends because it is of the opinion that respondent has been sufficiently disciplined and that no further discipline is required.

## IV. RECOMMENDATION

The board respectfully recommends to your honorable court that respondent be suspended from the practice of the law for three months from the date of his original suspension by this court of September 9, 1981.

## ORDER

O'BRIEN, *C.J.*, And now, February 26, 1982, the recommendation of the Disciplinary Board dated February 2, 1982, is accepted; and it is ordered that [respondent] be and he is suspended from the Bar of this Commonwealth for a period of three months from September 9, 1981.

Mr. Justice Hutchinson did not participate in this matter.